Dear Mr. Privat:
I am in receipt of your request for an Attorney General's opinion concerning the following:
 If six board members representing a particular bonding district would have a meeting, are they considered a committee for the purpose of the public meetings law and/or should that meeting be opened to the public?
The following was discussed in Attorney General Opinion 89-602 concerning the Open Meetings Law:
 The Louisiana Open Meetings Law is contained in La. R.S. 42:4.1 et seq. and was enacted to prevent private meetings of public bodies where only the end result is observed by the public. Citizens have a right to be aware of the discussions and deliberations that go into the making of public policy. In furtherance of this, R.S. 42:4.1
indicates that the Open Meetings Law should be construed liberally.
 La. R.S. 42:4.2(A) (2) lists school boards as one of the public bodies subject to the law, that is, bodies which must hold open meetings. The terms "meeting" and "quorum" are defined by R.S. 42:4.2 as follows :
 1. "Meeting" means the convening of a quorum of a public body to deliberate or act on a matter over which the public body as an entity has supervision, control, jurisdiction or advisory power.
 3. "Quorum" means a simple majority of the total membership of a public body.
In Brown v. East Baton Rouge Parish School Board, 405 So.2d 1148
(La.App. 1, 1981), the Court held that a "walking quorum" would have the effect of circumventing the provisions of the Open Meetings Law. But the gathering of less than a quorum of school board members at the office of one board member was not a closed meeting in violation of the Open Meetings Law. The Court stated this was especially true since the meeting was not designed to make any kind of decisions or take any action.
It is the opinion of this office that school boards are public bodies subject to the Open Meetings Law. However, it appears that there would be no violation of the law if there were not an actual "meeting." In other words, there is no violation where less than an actual quorum of the public body meets where no decisions, votes, notes, or other action is taken.
Thus, three board members of a fifteen member board, which constitutes less than an actual quorum, can meet without violating the law provided no decisions, votes, or other action is taken.
In Attorney General Opinion 90-300, our office stated the following:
 [t]his office has stated that the Open Meetings Law applies to "the convening of a quorum of a public body to deliberate on a matter over which the public body has supervision, control, jurisdiction, or advisory power". This includes any committee or sub-committee so long as they possess "policy making, advisory or administrative functions." R.S. 42:4.2. While the open meeting requirement does not apply to strictly a discussion group which makes no policy suggestions or gives any advice, when the administrative committee is convened to receive information regarding a matter over which they have supervision, it is subject to the open meetings law.
In this opinion our office concluded that since the deliberations-at-issue would constitute an element in the formulation of public policy, the intent of the open meetings law could be frustrated if such meetings are closed to the public when a quorum of the committee has been convened.
LSA-R.S. 42:4.2(A) (2) lists any committee or subcommittee as a public body subject to the Open Meetings Law. As discussed in 89-602:
 [t]he fact that a committee cannot make a final decision on a matter does not remove it from the ambit of the Open Meetings Law.
LSA-R.S. 42:5 requires that meetings of public bodies on matters over which they have supervision, control, jurisdiction or advisory powers be open to the public. The same would be true for committees of such a body or executive session of such bodies where no final action is taken. Attorney General Opinion No. 89-602 citing Attorney General Opinion No. 76-1299.
In the present situation, if this particular group is a quorum of the public body, or if the public body created the group to act as its committee, then they are a committee or sub-committee of the school board subject to the Open Meetings Law. However, if the group is not a quorum of the public body, or was not created by the public body to act as a "committee" of the public body, it would not be subject to the Open Meetings Law.
I hope this opinion sufficiently addresses your concerns. If I can be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
DATE RECEIVED: 02/05/99SHV
DATE RELEASED:
BETH CONRAD LANGSTONASSISTANT ATTORNEY GENERAL